PASTOR et v. SILVESTER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9303.   Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 B2a)   Clause in broker's commission contract, providing that, in case of contest or disagreement as to commission, there shall be ascertained wherein fault lies, and which is party responsible for rescinding of contract, permits introduction of evidence to determine question as to who was guilty of recission.

Error to Municipal Court.

Judgment reversed.

Acker & Wald, Cleveland, for Paster.

Arpod Szilvazy, Cleveland, for Silvester.

### STATEMENT OF FACTS.

This cause is here on error proceedings to the Municipal Court of Cleveland, and it is sought to reverse a judgment rendered upon the claim for a real estate commission and the issue to be determined is whether under the

interpretation of the written contract under which the parties were working, the plaintiffs in error, J. J. Pastor, et al, were entitled as a defense against the merits of the judgment, to offer evidence for the purpose of showing which one of the parties hereto, if any, was guilty of a breach of the covenant. The clauses in question, taken from the written contract, are as follows:

"First Party agrees to pay to Szilvasy Silvester, Realtors, Three Hundred Dollars ($300.00) as his or their agent, 4% commission on said sale.

It is further mutually agreed that in case of a breach of covenants the party rescinding agrees to pay the agents the entitled legal commission of Four Hundred Fifty-Six ($456.00) Dollars.

In addition the second party agrees to forfeit the deposits out of which the first party agrees to pay the ¾ of same to the above mentioned agents."

SULLIVAN, PJ.

Evidence was offered tending to show that in case of the default of the commission agreed upon that then and thereupon a recovery could only be had by testing out the question as to who was responsible for the rescinding of the agreement as it will be observed that this situation arises out of a reading of the second clause of the paragraphs above quoted.

The court excluded this testimony and we think it was prejudicial error. The offer to prove showed that the defendants were ready and willing to go forward with the deal but that because of a lack of funds, the other party was unable to consummate the provisions of the contract and the court apparently relied on Carey v. Conn, 107 OS. 113 as authority for excluding the testimony but we do not think this case applies.

There is no question but that a contract between a real estate broker and a property owner, to find a buyer, is enforcible, in the absence of fraud, where there is a performance pursuant to the terms of the contract, and especially where a written contract is entered into with the buyer and the broker, but in the instant case there is an entirely different question arising out of the terms of the agreement between the parties to this litigation. It is distinctly agreed that in case of a contest or disagreement as to the commission that then and thereupon there shall be ascertained wherein the fault lies and which is the party responsible for the rescinding of the contract. Under this clause of the contract, we think that the evidence which was excluded and which would have determined the question as to who was guilty of the recission was clearly competent and its rejection, in our judgment, was prejudicial to the rights of the complaining party.

Holding these views the judgment of the lower court is reversed and the cause is remanded for further proceedings according to law.

(Vickery and Levine, JJ., concur.)